IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINDSOR BY THE GALLERIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1640-K-BN |
| | § | |
| ANTHONY MACK, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Anthony Mack, proceeding *pro se*, removed to federal court an eviction proceeding filed against him in a Dallas County, Texas state court, asserting that there is subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction, the Court should *sua sponte* remand this lawsuit to the state court from which it was removed.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the Court's jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

And the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). And, so, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up; citing 28 U.S.C. § 1447(c))

## Analysis

I.    <u>Mack has not shown there is Section 1331 federal question jurisdiction.</u>

Mack primarily alleges that federal law supports removal.

Under 28 U.S.C. § 1331, federal question jurisdiction "exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (cleaned up).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

And those allegations must be present at the time of removal. *Cf. Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

Mack alleges that, "[i]n the Plaintiff Original Petition, Plaintiff generally alleges that Defendants violated a consumer contract in default" and that, "[t]herefore, the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action that raises questions arising under the Constitution, laws, or treaties of the United States." Dkt. No. 3 at 1 of 59.

But Mack has not shown that a claim that the plaintiff asserted in the underlying state-law eviction suit provides a basis for federal question jurisdiction under the Constitution or any statutes cited or otherwise.

Rather, a review of the state court pleadings makes clear that this is a forcible detainer action governed by Texas state law. *See* Dkt. No. 3 at 10-22 of 59; *accord Alexander v. Dallas Cnty. Health & Hum. Servs. Dep't*, No. 3:23-cv-2776-S (BT), 2024 WL 816263, at *2 (N.D. Tex. Jan. 16, 2024), *rep. & rec. adopted*, 2024 WL 812024 (N.D. Tex. Feb. 27, 2024); *FAEC Holdings 382123 LLC v. Steve Arron Inv., LLC*, No. 4:23-CV-391-SDJ-KPJ, 2023 WL 4981608, at *3 (E.D. Tex. July 11, 2023), *rep. & rec.*

- 3 -

*adopted*, 2023 WL 4980133 (E.D. Tex. Aug. 3, 2023).

Mack also invokes federal law through alleged defenses or counterclaims against the underlying eviction suit, including allegations invoking 18 U.S.C. § 876, 18 U.S.C. § 1962, 18 U.S.C. § 1964, 18 U.S.C. § 1346, 28 U.S.C. § 454, and 15 U.S.C. §§ 1692e, 1692i, and 1635. *See* Dkt. No. 3 at 1-2 of 59.

But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *see also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (cleaned up).

There is therefore "generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

Mack has not shown that the allegations in a well-pleaded complaint

established that federal jurisdiction existed at the time of removal.

And that requires the Court to *sua sponte* remand this case to state court under 28 U.S.C. § 1447(c) – which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original).

## II.   Mack has not shown there is Section 1332 diversity jurisdiction.

Mack seems to also allege that the parties have diverse citizenship and therefore diversity jurisdiction supports removal. Dkt. No. 3 at 2 of 59.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Starting with citizenship, Mack has not properly alleged the citizenship of the defendant to the extent it is a corporation or a limited liability company. *See* 28 U.S.C. § 1332(c)(1) (for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) ("For limited liability companies, § 1332 citizenship is determined by the citizenship of all of its members. To establish diversity jurisdiction in a suit by or against an LLC, a party must specifically allege the citizenship of every member of every LLC." (cleaned up)).

This deficiency is enough to conclude that Mack has not shown Section 1332(a) diversity jurisdiction, such that remand is required. *See* 28 U.S.C. § 1447(c);

*Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023).

But Mack's allegations also fail to show that the amount in controversy exceeds the jurisdictional minimum. *Cf. Ferrari v. Francis*, ___ F. Supp. 3d ____, No. 3:23-cv-455-S-BN, 2024 WL 1980713, at *1 (N.D. Tex. May 3, 2024) (The Court is "entitled to consider *sua sponte* whether the jurisdictional amount in controversy requirement had been fulfilled." (cleaned up)).

> "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

*Id.* at *2.

Mack has removed to federal court a state court eviction proceeding and has not shown that the object of that litigation exceeds $75,000. As courts consistently explain, "[a] forcible detainer action only seeks possession of property." *U.S. Bank Nat'l Ass'n v. Spence*, No. 4:13CV245, 2013 WL 1856032, at *2 (E.D. Tex. May 1, 2013) (cleaned up).

And Mack includes no facts from which the Court could judge that the reasonable rental value at issue here exceeds $75,000.

In sum, Mack has not shown that there was federal subject matter jurisdiction

under Section 1331 or Section 1332 at the time of removal.

And, so, the Court is required to *sua sponte* remand this case to state court under Section 1447(c) – which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original).

## Recommendation

Because Defendant Anthony Mack. As the party invoking the Court's jurisdiction through removal, has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Dallas County, Texas state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 1, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE